Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)
**DUANE MORRIS LLP**
100 N. City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
Email: dcanderson@duanemorris.com
rloosvelt@duanemorris.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLOCKWORK IP, LLC., a Florida limited liability company, and QUALITY A/C SERVICES, INC., a Nevada corporation doing business as QUALITY'S ONE HOUR AIR CONDITIONING AND HEATING,<br><br>Plaintiffs,<br><br>v.<br><br>ALADDIN ONE HOUR HVAC, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:12-cv-01532-MMD-PAL<br><br>**PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO CONDUCT DAMAGES DISCOVERY AGAINST DEFENDANT IN DEFAULT, ON ORDER SHORTENING TIME** |

Plaintiffs CLOCKWORK IP, LLC., ("Clockwork") and QUALITY A/C SERVICES, INC. doing business as Quality's ONE HOUR AIR CONDITIONING AND HEATING (collectively as "Plaintiffs"), hereby move this Court *ex parte* for an Order to conduct discovery against defaulted ALADDIN ONE HOUR HVAC, INC. ("Defendant"), on an Order Shortening Time.

Plaintiffs are seeking this order because Defendant defaulted before the Rule 26(f) conference and Plaintiffs want to clarify that it may begin discovery in the absence of that conference. Rule 26(d)(1). Plaintiffs need the discovery to establish, among other things, the scope of the infringement, the location of all infringing materials, the identities of those who may control the infringing materials, the requirements for the injunction, the profits Defendant reaped through its unlawful behavior, and related matters.

This Motion is made and based on this Motion, the Memorandum of Points and Authorities submitted herewith, the supporting Declaration of Ryan A. Loosvelt and Exhibits, the pleadings and papers on file herein, and any oral argument the Court may order.

DATED: November 13, 2012

DUANE MORRIS LLP

By: */s/ Ryan A. Loosvelt*
Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)
Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Procedural History

Plaintiffs filed their Complaint on August 28, 2012. *See* Dckt. No. 1. Defendant failed to answer or otherwise appear in this action, and a Default was entered against Defendant on September 27, 2012. *See* Dckt. No. 12. Because Defendant defaulted, no Rule 26(f) conference took place. By this motion, Plaintiffs simply seek leave of court to conduct discovery without regard to the Rule 26(f) conference as described in Rule 26(d)(1). This discovery is necessary because Defendant is in exclusive possession of significant information vital to the determination of the full scope of remedial relief necessary to eliminate the infringing materials and properly compensate Plaintiffs as a result of Defendant's infringement, fraud, deceptive trade practices, unfair competition, and interference with prospective business relationships.

### B. Background

This an action where Defendant is infringing Clockwork's ONE HOUR family of trademarks and related intellectual property by unlawfully using confusingly similar marks for services that are directly competitive with Clockwork's marks. Defendant's infringement and other misconduct is compromising Plaintiffs' business reputation and the value of the marks, deceiving and harming consumers by confusing them into believing that Defendant is affiliated with Plaintiffs. Defendant has been improperly using Clockwork's marks and confusingly similar marks to promote its business, including use as its trade name, its domain names, and in connection with a wide range of promotional advertising. Defendant refused to cease and desist its use of the Clockwork marks and instead continues to unlawfully use them, including contacting Plaintiffs' customers and palming itself off as Plaintiffs. Defendant's intentional and unauthorized use of the Clockwork marks is and has caused significant damage to Plaintiffs' business interests. Plaintiffs are entitled to an injunction and damages including, but not limited to, Defendant's profits, corrective advertising, damage to plaintiffs' reputation and goodwill, treble damages, damages for interference with prospective business relationships, fees and costs.

///

## II. ARGUMENT

### A. **Leave To Conduct Damages Discovery Against The Defendant In Default Should Be Granted So That Plaintiff May Prove Its Damage And Other Forms of Relief In A Motion For Default Judgment.**

Rule 26(d) normally requires the parties to conduct a Rule 26(f) case conference prior to serving discovery. Here, the Defendant is in default, and therefore no case conference is possible nor will the Defendant provide any Rule 26(a)(1) Initial Disclosures. However, a party may seek leave of court to conduct discovery prior to a case conference being held under appropriate circumstances. Fed. R. Civ. P. 26(d)(1).[1] Because the Defendant defaulted and there will be no Rule 26(f) conference, the requirement that Defendant wait for that conference before starting discovery should not be applicable. However, in an abundance of caution Plaintiffs are seeking permission to initiate discovery.

Specifically, Plaintiffs initially seek to conduct a Rule 30(b)(6) deposition (*see* Exhibit 1) and propound document requests (*see* Exhibit 2). Plaintiffs also wish to reserve rights to conduct such additional discovery (including third party discovery) based on the responses to the initial discovery. This discovery is crucial to establish the scope of remedial relief Plaintiffs require to address the harm caused by Defendant's unlawful activity. For example, as part the remedies for trademark infringement, Plaintiffs may be entitled to, among other damages, up to three times Defendant's profits. 15 U.S.C. § 1117(b); *Carpet Cops, Inc. v. Carpet Cops, LLC*, 2012 U.S. Dist. LEXIS 127239, Case No. 3:11-cv-00561-RCJ-VPC, *17 (D. Nev. Sept. 6, 2012). Such information is exclusively within Defendant's possession. Plaintiffs must also be allowed to discover the extent of harm done to their business reputation, to prospective customers, as well as the extent of damages it may take for corrective advertising. Further, Plaintiffs also need to discover all the instances of

///

---

[1] Upon a motion for default judgment, the court may "conduct hearings or make referrals" when it needs to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2). To the extent the Court determines this to be the more appropriate procedure to obtain damages discovery of a defaulted defendant, Plaintiffs request this motion be alternatively construed as a Rule 55(b)(2) motion for referral to conduct damages discovery against the defaulted Defendant.

infringement by Defendant and to obtain the necessary information to remove all such infringement from public view.

Defendant is in default. It has refused to appear and defend itself in this case, preventing a case conference from being conducted. Defendant cannot be allowed to shield itself from damages by refusing to participate in this action. Therefore, even though no case conference has been conducted, this Court should grant Plaintiff leave to conduct discovery without having to conduct a Rule 26(f) conference, as the lone Defendant in this case has refused to appear an participate.

## III. CONCLUSION

For the foregoing reasons and arguments, Plaintiffs respectfully request that this Court waive any requirement that a Rule 26(f) conference occur and permit Plaintiffs to commence discovery.

DATED: November 13, 2012

DUANE MORRIS LLP

By: */s/ Ryan A. Loosvelt*
Dominica C. Anderson (SBN 2988)
Ryan A. Loosvelt (SBN 8550)
Attorneys for Plaintiffs

## DECLARATION OF RYAN A. LOOSVELT

I, Ryan A. Loosvelt, declare:

1. I am an attorney at law duly licensed to practice before the state and federal courts of the State of Nevada, and am an attorney in the law firm of Duane Morris LLP, counsel to Plaintiffs CLOCKWORK IP, LLC., and QUALITY A/C SERVICES, INC. I know the following of my own personal knowledge and could and would testify competently thereto if called upon to do so. As to any matters stated on information and belief, I believe my information to be true and correct and will so testify.

2. I make this declaration in support of Plaintiffs' Ex Parte Motion for Leave to Conduct Damages Discovery Against Defendant In Default on an Order Shortening Time.

3. Attached as Exhibit 1 is a true and correct copy of Plaintiffs' proposed Rule 30(b)(6) Notice of Deposition.

4. Attached as Exhibit 2 is a true and correct copy of Plaintiffs' proposed document requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 13, 2012

*/s/ Ryan A. Loosvelt*
Ryan A. Loosvelt

**ORDER**

For good cause shown, and as a result of Defendant's Default and failure to appear and participate in this action, Plaintiffs are hereby granted leave by this Court to commence discovery as provided under the Federal Rules of Civil Procedure without first conducting the Rule 26(f) conference.

**IT IS SO ORDERED**:

UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2012

# EXHIBIT 1

EXHIBIT 1

Dominica C. Anderson (SBN 2988)
Ryan Loosvelt (SBN 8550)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
E-Mail: dcanderson@duanemorris.com
rloosvelt@duanemorris.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

CLOCKWORK IP, LLC, a Florida limited liability company, and QUALITY A/C SERVICES, INC., a Nevada corporation doing business as Quality's ONE HOUR AIR CONDITIONING AND HEATING ,

Plaintiffs,

v.

ALADDIN ONE HOUR HVAC, Inc., a Nevada corporation,

Defendant.

Case No. 2:12-cv-01532- MMD-PAL

**PLAINTIFFS' NOTICE OF DEPOSITION OF PERSON(S) MOST KNOWLEDGEABLE AT ALADDIN ONE HOUR HVAC, INC.**

**Date:** November ___, 2012
**Time:** 9:00 a.m.
**Location:** Duane Morris LLP
100 North City Parkway,
Suite 1560
Las Vegas, Neveda 89106

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs through counsel, will take the deposition upon oral examination of the Person(s) Most Knowledgeable at Aladdin One Hour HVAC, Inc. ("Aladdin Defendant's PMK") as to the matters on which examination is requested as set forth below.

The deposition of Aladdin Defendant's PMK will take place on November __, 2012, at the law offices of Duane Morris LLP located at 100 North City Parkway, Suite 1560, Las Vegas, Neveda 89106; telephone number 702.868.2600, commencing at 9:00 a.m.

///

The deposition will be taken before a certified court reporter and will continue from day to day until completed. The deposition testimony will also involve a real-time computer connection between the deposition-taker and stenographer using software such as "Live Note." Notice is hereby given that the deposition will be recorded by stenographic method and through instant visual display of the testimony pursuant to the provisions of FRCP 30. The deposition may also be recorded by videotape and/or audiotape pursuant to the provisions of FRCP 30.

**SUBJECT MATTERS OF TESTIMONY**

1. The facts and circumstances related to the corporate formation of Defendant, including its capitalization, funding, and the reason for including "One Hour" or "1 Hour" in its business name, service marks and advertising.

2. Any investigation Defendant performed before starting to use "One Hour" or "1 Hour".

3. Defendant's knowledge of the Clockwork Marks.

4. Defendant's knowledge of Plaintiff's use of the Clockwork Marks.

5. The identity and contact information of each customer of Defendant with each date Defendant provided service to each customer, the service provided and the amount paid for each service.

6. Defendant's communication with customers and potential customers.

7. The identity and job description of all current and former employees of Defendant.

8. Defendant's knowledge of each Plaintiff, including each Plaintiff's service marks, advertising practices, business practices and business reputation.

9. The reasons Defendant persists with its infringing behavior despite Plaintiffs' demands and Defendant's own promises to stop.

10. Defendant's sales information since inception of Defendant.

11. Defendant's revenue and expenses from its inception, including information on all of Defendant's financial statements, profit and loss statements, general ledgers, and all other financial accounts of Defendant since Defendant was formed.

12. The identity and all facts and circumstances regarding all third parties who have

assisted Defendant in the use of "One Hour" or "1 Hour" in Defendant's advertising.

13. All facts and circumstances relating to all of Defendant's advertising.

14. Any investigations performed by Defendant regarding the availability of "One Hour" or "1 Hour" for use in Defendant's advertising.

15. Any legal advice that Defendant received on in connection with its use of "One Hour" or "1 Hour" in its advertising.

**DUANE MORRIS LLP**

Dated: _________

By: ________________________________
Dominica C. Anderson
Ryan Loosvelt
*Attorneys for Plaintiffs*

# EXHIBIT 2

EXHIBIT 2

Dominica C. Anderson (SBN 2988)
Ryan Loosvelt (SBN 8550)
**DUANE MORRIS LLP**
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: 702.868.2600
Facsimile: 702.385.6862
E-Mail: dcanderson@duanemorris.com
rloosvelt@duanemorris.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

CLOCKWORK IP, LLC, a Florida limited liability company, and QUALITY A/C SERVICES, INC., a Nevada corporation doing business as Quality's ONE HOUR AIR CONDITIONING AND HEATING ,

Plaintiffs,

v.

ALADDIN ONE HOUR HVAC, Inc., a Nevada corporation,

Defendant.

Case No. 2:12-cv-01532- MMD-PAL

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON ALADDIN ONE HOUR HVAC, INC.**

**PROPOUNDING PARTY:** Plaintiff, CLOCKWORK IP, LLC

**RESPONDING PARTY:** Defendant, ALLADIN ONE HOUR HVAC, INC.

**SET NUMBER:** ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, CLOCKWORK IP, LLC, , by and through their undersigned attorneys, hereby request that Defendant ALADDIN ONE HOUR HVAC, INC., ("Defendant") produce all DOCUMENTS requested herein for inspection and copying and respond to each DOCUMENT request propounded herein in writing, separately and fully, and serve copies of such DOCUMENTS and responses on the undersigned attorney for Plaintiff, CLOCKWORK IP, LLC at the offices of Duane Morris LLP, 100 N. City Parkway, Suite

1560, Las Vegas, NV within thirty (30) days after service of this set of requests for production of documents.

**DEFINITIONS**

The terms "YOU," "YOUR" and "YOURS" shall mean, ALADDIN ONE HOUR HVAC, INC. and all other persons who, with respect to the subject matter of each individual document request herein propounded upon you, are or were acting on your behalf or under your direction or control.

The term "DOCUMENT" is used in its customary broad senses and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy of the following items however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, forms, e-mails, cables, telexes, memoranda, recordings, studies, notes, summaries or records of telephone conversations, notes, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, notebooks, charts, graphs, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, notes, reports or summaries of investigations, opinions or reports of consultants, patent appraisals, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, and other computer data compilations from which information can be obtained or translated, if necessary, by the defendant through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above, and includes objects of every kind and nature such as, but not limited to, prototypes, models, specimens, compact disks and floppy disks.

The term CLOCKWORK MARKS shall have the meaning given to it in the complaint filed

in this case.

The term "COMMUNICATION" or "COMMUNICATIONS" shall mean any oral, written, or electronic communication, whether tangible or intangible, regardless of form, whether made in person, transmitted through wires, telephone lines, cable lines, the mail, private letter carriers, Federal Express, air delivery systems, messenger, television or radio frequencies, including any use of Spectrum, microwaves or other broadcast means.

The term "INCLUDING" shall mean "including, but not limited to."

The term "REFLECT" shall mean to be pertinent, appertain, apply, bear on (or upon), concern, pertain, or refer.

The term "RELATE" shall mean to bring into or link in logical or natural association or to establish or demonstrate a connection between.

The terms "REFER" or "RELATE TO" or "RELATED TO" as used herein shall mean, in addition to the customary and usual meaning of those words, evidencing, constituting, mentioning, embodying, identifying, discussing, supporting, contradicting, memorializing, describing, summarizing, referring to, pertaining to, or purporting to constitute the subject matter referred to in the request.

**INSTRUCTIONS**

1. If, in responding to these Requests, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in these Requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

(a) If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and L. Civ. R. 34.1, including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and

any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

(b) If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in Paragraph (2.A), above, please state the reason for withholding the document.

3. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

4. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for Plaintiff after the date on which this litigation was commenced. If any Request is susceptible of a construction that calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) will be required as to such material.

5. These requests shall be deemed to be continuing in nature. With respect to any of the following document requests or parts thereof, as to which Car-Win, after producing documents acquires or locates additional documents or information, the undersigned requests that defendant make a timely supplemental disclosure and production thereof.

6. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7. These Requests shall be deemed continuing so as to require supplemental responses if Plaintiff acquires any additional information between the time a response is served and the time of trial.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any investigation performed by Defendant into the availability of "One Hour" or "1 Hour" for use in Defendant's advertising.

2. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any COMMUNICATION, INCLUDING internal COMMUNICATIONS and discussions regarding any belief on Defendant's part that it was not infringing on the CLOCKWORK MARKS.

3. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any investigation Defendant performed to determine if Defendant could lawfully use the CLOCKWORK MARKS.

4. ALL DOCUMENTS that include the phrase "One Hour" or "1 Hour."

5. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO the CLOCKWORK MARKS.

6. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO the creation, production, cost and a distribution of Defendant's advertising.

7. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any COMMUNICATION between YOU AND either Plaintiff or any representative of any Plaintiff.

8. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO the identity, contact information, and/or job description of any current or former employee or shareholder or officer of Defendant.

9. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO each of Defendant's current or former customers, INCLUDING with respect to each customer, the customer's identity, the customers address, phone number and email address, the services Defendant performed for each customer and products sold to each customer, the date of each service or sale, the

price charged by Defendant for each service or sale, and the price paid by the Customer for each service or sale.

10. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO Defendant's sales of service and products since Defendant's inception.

11. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO Defendant's costs and expenses relating to Defendant's sale of service and products since Defendant's inception.

12. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO Defendant's advertising, INCLUDING its creation, production, placement and cost.

13. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any persons or entities that assisted Defendant with any aspect of Defendant's advertising, including the names, addresses, phone numbers or each such person or entity.

14. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO how Defendant selected the phrase "One Hour" or "1 Hour" for use by Defendant.

15. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO ALL advertising by Defendant since Defendant's inception.

16. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO ALL COMMUNICATIONS by Defendant relating to Defendant's use of the phrase "One Hour" or "1 Hour."

17. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO ALL communications between Defendant and Defendant's customers.

18. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO the formation of Defendant, INCLUDING Articles of Incorporation and Bylaws.

19. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO any of Defendant's board meetings, INCLUDING any and all Board Minutes since Defendant's inception.

///

///

///

///

20. ALL DOCUMENTS that DISCUSS, REFLECT, or RELATE TO Defendant's financial statements, INCLUDING any balance sheets, profit and loss statements and any other financial statements since Defendant's inception.

**DUANE MORRIS LLP**

Dated:

By: ______________________________
Dominica C. Anderson
Ryan Loosvelt
*Attorneys for Plaintiffs*