# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CLOCKWORK IP, LLC, | |
| Plaintiffs, | Case No. 2:12-cv-01532-MMD-PAL |
| vs. | **ORDER** |
| ALADDIN ONE HOUR HVAC, INC., | (Mot Compel Discovery - Dkt. #20) |
| Defendant. | |

Before the court Plaintiffs' Motion to Compel Discovery, Request for Sanctions, and Motion to Change the Name of Defendant to Aladdin One Hour HVAC, Inc., to Honest Abe's AC Repair, Inc. (Dkt. #20). The court has considered the Motion, the Declaration of Ryan Loosvelt in Support of the Motion (Dkt. #21), and Plaintiff's Notice of Non-Opposition (Dkt. #23). No opposition to the motion was filed and the time for filing a response has now run.

Plaintiffs filed a Complaint August 28, 2012. Defendant failed to answer or otherwise appear. A default was entered on September 27, 2012. Plaintiff requested and received leave to conduct damages discovery needed to calculate actual damages and to support a motion for default judgment. *See* Motion (Dkt. #13), and Order (Dkt. #14). On November 28, 2012, Plaintiffs issued a subpoena pursuant to Fed. R. Civ. P. 45, along with a Notice of Deposition pursuant to Rule 30(b)(6), setting the deposition for January 17, 2013. A subpoena duces tecum was also issued November 28, 2012, which required production of responsive documents by January 4, 2013. No objection or a motion for protective order was filed in response to the subpoenas, the deposition notice or the request for production.

Counsel for Plaintiffs attests in his supporting declaration that he has been in communication with Anese Haddad, the President of Defendant Aladdin. On January 10, 2013, Mr. Haddad sent a fax

1  to Plaintiffs' counsel indicating that he was filing a certificate of amendment to the articles of
2  incorporation to change the entity's name to Honest Abe's AC Repair, Inc.  On January 11, 2013,
3  counsel for Plaintiff sent a fax to Mr. Haddad demanding that he cease and desist from infringing on
4  Plaintiffs' trademark and pointing out that Defendant had ignored the discovery which had been served
5  and that Plaintiffs would seek sanctions.  However, Defendant failed to respond in any way to
6  Plaintiffs' written discovery and failed to appear for the January 17, 2013, deposition.
7         Plaintiffs seek costs in the amount of $358.75 for service of the subpoena to testify at the
8  deposition, preparing the notice of deposition, and court reporter fees related to the deposition.
9  Plaintiffs also seek attorney's fees in the amount of $925.00 for preparing for and attending the
10 deposition, and attorney's fees in the amount of $5,968.00 in preparing this motion, for a total award of
11 sanctions in the amount of $7,251.75.
12        The motion is supported by the declaration of Ryan A. Loosvelt and its supporting exhibits
13 consisting of the subpoenas and proof of service of the subpoenas and notice of deposition on the
14 registered agent for the Defendant corporation.  A copy of the certificate of amendment to the articles of
15 incorporation is also attached.  It contains a declaration by the board of directors that the board of
16 directors met and voted to change the name from Aladdin One Hour HVAC Service, Inc., to Honest
17 Abe's AC Repair, Inc.
18        The Defendant has not responded to the motion and did not appear for a duly-noticed Rule
19 30(b)(6) deposition or respond to the subpoena duces tecum and request for production of documents.
20 Pursuant to LR 7-2(d) "the failure of an opposing party to file points and authorities in response to any
21 motion shall constitute a consent to the granting of the motion."  The court will therefore grant
22 Plaintiffs' Motion to Compel the Defendant corporation to respond to the subpoena duces tecum,
23 produce responsive documents, and appear for a Rule 30(b)(6) deposition.  However, the court will
24 deny the request for monetary sanctions as inadequately supported.  There is a single paragraph of the
25 Loosvelt declaration which indicates the amount of costs and fees incurred related to the deposition
26 without itemization or information concerning the attorney's hourly rate, experience, or the usual and
27 customary hourly rate for similar services.  Counsel requests sanctions of nearly $6,000.00 for
28 preparing a simple ten-page motion on a routine discovery matter, half of which consists of the

procedural history of this case. The request made to reimburse counsel for 10.9 hours at the rate of $390/hr., and 3.4 hours at the rate of $505/hr. is excessive for the amount of work reflected in the moving papers.

Having reviewed and considered the matter,

**IT IS ORDERED** that Plaintiffs' Motion to Compel is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant shall have until **July 22, 2013,** in which to serve counsel for Plaintiff with documents responsive to the request for production of documents and subpoena duces tecum previously served on the Defendant.

2. The Defendant corporation shall produce a fully-educated Rule 30(b)(6) designee authorized to bind the corporation on the subject matters of the deposition topic contained in the notice of deposition previously served on the Defendant.

3. Counsel for Plaintiff shall re-notice the Rule 30(b)(6) deposition of the Defendant corporation no earlier than thirty days from entry of this order, and shall serve the deposition notice along with a copy of this order on the Defendant corporation at its last known business address and through its registered agent.

4. Plaintiffs' request for monetary sanctions is **DENIED**.

5. Plaintiffs' request for contempt sanctions is **DENIED**. However, Defendant is warned that failure to comply with this order compelling cooperation in discovery, that is, responding to document requests and providing a corporate designee to respond to the questions on the topics contained in the deposition notice may result in the imposition of additional sanctions, including sanctions for contempt of court.

6. Plaintiffs' request to amend the caption to reflect the change of name is **GRANTED**, and the Clerk of the Court shall amend the caption to reflect the name of Defendant Aladdin One Hour HVAC, Inc., a Nevada Corporation, now known as Honest Abe's AC Repair, Inc.

///

///

7. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 5th day of July, 2013.

_____
Peggy A. Leen
United States Magistrate Judge