1
2
3
4                      UNITED STATES DISTRICT COURT
5                          DISTRICT OF NEVADA
6                                  * * *

7    CLOCKWORK IP, LLC, et al.,                Case No. 2:12-cv-01532-MMD-PAL

8                              Plaintiffs,      **REPORT OF FINDINGS AND**
                                                **RECOMMENDATION**
9          v.
                                                (Mot. Default Judgment – Dkt. #36)
10   ALADDIN ONE HOUR HVAC, INC., a
     Nevada corporation now known as HONEST
     ABE'S AC REPAIR, INC.,
11
                               Defendant.
12

13         This matter is before the Court on the Motion for Entry of Default Judgment (Dkt. #36)

14   by Plaintiffs Clockwork IP, LLC and Quality AC Services, Inc., doing business as One Hour Air

15   Conditioning and Heating (jointly, "Clockwork") against Defendant Aladdin One Hour HVAC,

16   Inc., now known as Honest Abe's AC Repair, Inc.   This proceeding is referred to the

17   undersigned pursuant to 28 U.S.C. § 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of

18   Practice.  The Court has considered the Motion.  No response to the Motion was filed.

19                               **BACKGROUND**

20         This case arises from Clockwork's claims for trademark infringement, unfair

21   competition, deceptive trade practices, fraud, and interference with economic advantage in which

22   they allege that Defendant has infringed on Clockwork's family of trademarks and related

23   intellectual property.   Complaint (Dkt. #1) ¶ 7.   Clockwork is the registered owner of four

24   trademark registrations for "ONE HOUR" for repair, maintenance, and installation of services in

25   the field of heating, ventilation, and air conditioning.  *Id.* ¶ 9.  The marks include logo marks that

26   have the image of a stopwatch in connection with the term, "ONE HOUR."  *Id.*  Plaintiff Quality

27   ONE HOUR Air Conditioning and Heating owns and operates a company that repairs and

28   installs home heating and air conditioning units, and has been a licensee of the Clockwork marks

                                        1

for over eight years.  *Id.* ¶ 10.  The Complaint alleges that Defendant used the Clockwork marks and confusingly similar marks in connection with its own heating and air conditioning repair and installation business.  *Id.* ¶ 14.

On August 31, 2012, the Clerk of Court issued Summons (Dkt. #5) against Defendant, and Plaintiff filed proof of service of process on September 4, 2012.  *See* Summons Returned Executed (Dkt. #6).  Defendant did not file a responsive pleading.  On Plaintiff's Motion (Dkt. #9), the Clerk of Court entered default against Defendant on September 27, 2012.  *See* Clerk's Entry of Default (Dkt. #12).

After the Clerk's entry of default, Clockwork sought leave to conduct discovery regarding damages.[1]  The Court granted Plaintiffs' request.  *See* Order (Dkt. #14); Order (Dkt. #24).  However, Defendant did not comply with the Court's orders and produce documents responsive to Clockwork's subpoena duces tecum, or produce a designee for deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  As a result, Clockwork filed a Motion for Sanctions (Dkt. #26) pursuant to LR IA 4-1 of the Local Rules of Practice and Rule 37(b)(2)(A).  The sanctions motion sought attorney's fees and costs incurred for attempting to obtain the discovery and for motion practice.  The sanctions motion also sought contempt sanctions for Defendant's failure to comply with the Court's orders to provide the requested discovery.

The Court determined that an award of reasonable costs and attorney's fees pursuant to Rule 30(d) was an appropriate sanction, and awarded a total of $3,839.00 in attorney's fees and costs as a sanction for the necessity of filing the motion, the proposed order, and seeking the post-default judgment discovery the court allowed.  *See* Order (Dkt. #35).  However, the Court declined to impose additional contempt sanctions because, among other reasons, those sanctions were "disproportionate to the violation, and would consume more judicial resources enforcing them than warranted by the totality of the circumstances presented."  *Id*. at 12.  In addition, the

---

[1] *See* Clockwork's Motion for Leave to Conduct Damages Discovery Against Defendant in Default (Dkt. #13); Motion Compel Discovery, Request for Sanctions, and Motion to Change Name of Defendant Aladdin One Hour HVAC, Inc. to Honest Abe's AC Repair, Inc. (Dkt. #20).

1  Court noted that Clockwork had a "full panoply of remedies available in seeking default

2  judgment" and Defendant would not be "permitted to oppose a motion for default judgment as a

3  matter of law." *Id.* at 12, 14.  Plaintiff now seeks an order pursuant to Rule 55(b), awarding a

4  default judgment against Defendant based on Defendant's failure to answer the Complaint or

5  otherwise appear before this Court.

6  **DISCUSSION**

7  **I.    ADEQUACY OF SERVICE OF PROCESS**

8          As a preliminary matter, a court must determine whether the service of process was

9  adequate.  A federal court does not have jurisdiction over a defendant unless the defendant has

10  been properly served.  *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840

11  F.2d 685, 688 (9th Cir. 1988).  Rule 4 of the Federal Rule of Civil Procedure governs service of

12  process in a federal action.  According to Rule 4, an individual may be served by "following

13  state law for serving summons in an action brought in courts of general jurisdiction in the state

14  where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  In addition,

15  an individual may be served by delivering a copy of the summons and complaint to the

16  individual personally, leaving a copy of each at the individual's home, or delivering a copy of

17  each to an agent authorized to receive service of process.  Fed. R. Civ. P. 4(e)(2).

18          Here, the executed summons (Dkt #6) indicates that a process server served the complaint

19  and summons on Defendant on September 4, 2012, by personal service on its authorized agent,

20  Irene McMillan.  Thus, service of process was adequate.

21  **II.    DEFAULT JUDGMENT**

22          Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for

23  obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is

24  sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

25  otherwise. Fed. R. Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

26  First, the clerk of the court must enter default against the party.  Fed. R. Civ. P. 55(a).  Second,

27  the party seeking default judgment must then petition the district court for entry of a default

28  judgment. Fed. R. Civ. 55(b)(2).

3

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g.*, *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).

In this case, the Clerk entered a default against Defendant on September 27, 2012. *See* Clerk's Entry of Default (Dkt. #12). Thus, the Court will evaluate the *Eitel* factors.

### A.    Possibility of Prejudice to the Plaintiff

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendant has failed to appear since being served on September 4, 2012. Furthermore, Defendant has repeatedly failed to comply with the Court's orders to provide discovery. As a result, Plaintiff "will likely be without other recourse for recovery" if default judgment is not entered in his favor. *Liberty Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security*

4

*Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).   In addition, by failing to answer or otherwise respond to the complaint, Defendant is deemed to have admitted the truth of plaintiff's averments.  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).  Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

**B.      Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors favor default judgment if Plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a).  782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

Clockwork's complaint states plausible claims for relief for willful copyright infringement and unfair competition.  *See* Complaint (Dkt. #1).  Further, the Complaint is well pleaded as it identifies Defendant, enumerates Clockwork's rights under the Lanham and Copyright Acts, describes the steps defendant took to infringe upon these rights, and sets forth causes of action for Defendant's conduct.  *See id.*

**C.      Sum of Money at Stake in the Action**

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved.  782 F.2d at 1472.  In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

Clockwork has elected to forgo request for a judgment reflecting its actual or statutory damages and instead requests judgment in the amount of the Court's sanctions award, $3,839.00, plus its costs in the amount of $445.20.  *See* Motion (Dkt. #) at 3.  This is a modest amount of money, and the Court therefore finds that this factor weighs in favor of entry of a default judgment.

**D.      Possibility of a Dispute Concerning Material Facts**

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts.  782 F.2d at 1471–72.  Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists in this case.  *See, e.g.*, *Elektra Entm't Grp. Inc. v.*

*Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Defendant has not answered the Complaint, and nothing in the record indicates that any of the material facts are in dispute.   Accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E.    Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect.  782 F.2d at 1472.  Clockwork has demonstrated that its process server properly served Defendant with the Summons, Complaint, and this Motion for Default Judgment.  Defendant has received actual notice of this lawsuit and this Motion.  Its failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment.

### F.    The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits.  782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").  However, the mere existence of Rule 55(b) indicates that this preference is not dispositive.  *Cal. Security Cans*, 238 F. Supp. 2d at 1177.  Here, Clockwork has had no opportunity to try this case on the merits because Defendant has repeatedly failed to respond or otherwise defend itself in this action.  Therefore, this factor weighs in favor of entry of a default judgment.

Having reviewed plaintiff's motion and considered the *Eitel* factors as a whole, this Court will recommend entry of default judgment.

## III.   DAMAGES AND COSTS

After determining that entry of default judgment is warranted, the Court must next determine the terms of the judgment.  The Lanham Act provides that plaintiffs in trademark infringement cases may elect either actual damages and profits or statutory damages.  For actual damages and profits, a plaintiff is entitled to recover: (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action, subject to the principles of equity and certain other provision of the Lanham Act.   15 U.S.C. § 1117(a).  At any time before final

1     judgment is rendered by the district court, a plaintiff may elect to recover an award of statutory

2     damages instead of actual damages and profits under § 1117(a). 15 U.S.C. § 1117(c). An award

3     of statutory damages is rendered in an amount "not less than $1,000 or more than $200,000 per

4     counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court

5     considers just," or if the violation was willful, up to $2,000,000 of statutory damages. 15 U.S.C.

6     § 1117(c).

7          Clockwork specifically states that it "has elected to forgo a judgment reflecting its actual

8     or statutory damages and instead requests judgment in the amount of the Sanctions Award,

9     $3,839.00," plus $445.20 in costs, totaling $4,284.20. *See* Motion (Dkt. #36). The sanctions

10    award was entered because Defendant would not cooperate with Clockwork's attempts to obtain

11    information regarding actual damages in this case, and did not comply with court orders. *See*

12    Order (Dkt. #36). Clockwork's request for judgment is more than reasonable and the Court will

13    recommend that the district court enter judgment accordingly.

14                                      **<u>CONCLUSION</u>**

15          Based upon the foregoing, the Court finds that Plaintiff's service of process on Defendant

16    was adequate. The Clerk of Court entered the default judgment against Defendant on September

17    27, 2012. Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is

18    appropriate. Accordingly, **IT IS RECOMMENDED** that:

19              1. Plaintiffs Clockwork IP, LLC and Quality AC Services, Inc.'s Motion for Default

20                 Judgment (Dkt. #36) be **GRANTED** and Plaintiff be awarded a total of

21                 $4,284.20.

22              2. The Clerk of the Court be instructed to enter judgment accordingly.

23          Dated this 12th day of November, 2015.

24

25                                    _____
                                    PEGGY A. LEEN

26                                     UNITED STATES MAGISTRATE JUDGE

27

28

**NOTICE**

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.  *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.